**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRENDA L. WEST,　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　**Plaintiff,**　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| **vs.**　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | **Case No.** 　　　**CIV-07-726-M** |
| MICHAEL J. ASTRUE,　　　　　　　) | |
| **Commissioner of the Social**　　　　) | |
| **Security Administration,**　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　**Defendant.**　　　　) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final

decision of the Commissioner of the Social Security Administration denying her application for

supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) of the Act. This matter

has been referred to the undersigned magistrate judge for initial proceedings consistent with 28

U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's

decision be **REVERSED AND REMANDED for further administrative proceedings.**

### PROCEDURAL HISTORY

Plaintiff protectively filed her application for SSI on August 16, 2004 alleging a disability

since September 1, 2002 (TR. 53, 12). The application was denied on initial consideration and on

reconsideration at the administrative level (TR. 33, 32).  Pursuant to Plaintiff's request, a hearing *de*

*novo* was held before an ALJ on November 14, 2006 (TR. 156-186). The Plaintiff appeared in

person and with her attorney and offered her testimony in support of the application (TR. 161-176,

177-179). A vocational expert (VE) testified at the request of the ALJ (TR. 176-177, 180-185). The

ALJ issued his decision on December 12, 2006 finding that Plaintiff was not entitled to SSI (TR. 12-

17). The Appeals Council denied the Plaintiff's request for review on May 11, 2007, and thus, the

decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by
> substantial evidence. (*citations omitted*). Substantial evidence is
> "more than a mere scintilla. It means such relevant evidence as a
> reasonable mind might accept as adequate to support a conclusion."
> (*citations omitted*). In evaluating the appeal, we neither reweigh the
> evidence nor substitute our judgment for that of the agency.
> (*citations omitted*). We examine the record as a whole, including
> whatever in the record fairly detracts from the weight of the
> Secretary's decision and, on that basis, determine if the substantiality
> of the evidence test has been met. (*citations omitted*). If, however,
> the correct legal test in weighing the evidence has not been applied,
> these limitations do not apply, and such failure constitutes grounds
> for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be

found only where there is a conspicuous absence of credible choices or no contrary medical

evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential

evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff

had not engaged in substantial gainful activity since the alleged disability onset date, so the process

continued (TR. 14). At step two, the ALJ concluded that Plaintiff's osteoarthritis and asthma were

severe impairments (TR. 14).  At step three, the ALJ found that the Plaintiff did not have an

impairment or combination of impairments which meets or equals any impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15). At step four, the ALJ found that Plaintiff retained

the residual functional capacity (RFC) to perform her past relevant work (PRW) as a courier, custodian and bar owner/manager (TR. 16). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 16).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred in his RFC determination; that (II) the ALJ failed to evaluate the medical evidence properly; and that (III) the ALJ erred in his assessment of Plaintiff's credibility.

## MEDICAL EVIDENCE

In December 2004, Plaintiff was examined by Sharad Swami, M.D., who found that Plaintiff's lungs were clear to auscultation with symmetric expansion and no wheezing; and that a musculoskeletal exam revealed normal range of motion, strength, and tone without acute distress or evidence of radiculopathy (TR. 90). Dr. Swami also found that Plaintiff had normal heel and toe walking and that her gait was normal in terms of speed, stability, and safety (TR. 90).  Dr. Swami's diagnosis was of asthma and arthritis by history (TR. 90).

In January 2005, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 119). Agency physicians also concluded that Plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc; and that Plaintiff should avoid areas with high levels of dust and fumes (TR. 123). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 118-125).

In July 2006, R. Sheets, M.D., examined Plaintiff, took a patient history, and completed a medical source statement in which he concluded that Plaintiff was limited to frequently lifting less than 10 pounds and occasionally lifting no more than 10 pounds; that Plaintiff was limited to 2 hours of standing and/or walking in an 8-hour workday; and that she was limited to sitting for less than one hour in an 8-hour workday (TR. 126). Dr. Sheets also concluded that Plaintiff's severe back pain prevented her from ever climbing, stooping, kneeling, crouching and crawling; and that she could only occasionally engage in work related balancing, reaching and handling (TR. 127). Dr. Sheets further concluded that Plaintiff would be required to lie down during the normal workday to manage pain; and that she was unable to push and/or pull (including hand and/or foot controls) (TR. 126-127).

# I.

Plaintiff urges on appeal that the ALJ erred in his RFC determination at step four (See Plaintiff's Brief at pages 4-8). Specifically, Plaintiff urges that the ALJ failed to make a finding regarding the demands of her PRW; improperly relied on VE testimony as the sole basis for his conclusion that Plaintiff's impairments did not preclude the performance of her PRW; and failed to obtain "information about the specific demands of West's PRW that would have a bearing on her exertional and nonexertional abilities of the jobs of courier, custodian, and bar owner/manager sufficient to comply with the analysis required" in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

At step four, Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .

> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.   This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.   Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982).   The ALJ must make specific factual findings detailing how the requirements of claimant's past relevant work fit the claimant's current limitations.   The ALJ's findings must contain:

> 1.   A finding of fact as to the individual's RFC.
> 2.   A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to

> Lift/carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for a total of about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; push and or pull unlimited, other than as shown for lift and/or carry, and should avoid dust and fumes

(TR. 15).

In determining the physical and mental demands of Plaintiff's PRW the ALJ relied upon Plaintiff's own statements as to the bar owner/manager job and upon the occupational definitions from the Dictionary of Occupational Titles as to the courier and custodian (janitor/maintenance) jobs (83-84, 162-164, 177-180, 176-177).   The ALJ also included in his opinion the required finding of fact as to the mental and physical demands of Plaintiff's PRW when he stated that Plaintiff's PRW

as a "courier, custodian, and bar owner/manager" did not "require the performance of work-related activities precluded by the claimant's residual functional capacity" (TR. 16).

Plaintiff argues that the ALJ "improperly relied on vocational expert testimony as the sole basis for his conclusion that West's impairments did not preclude the performance of her PRW" (See Plaintiff's Brief at page 5). At the hearing, the VE testified that Plaintiff's work as a courier or deliverer was classified as "light and unskilled" under the DOT, although it may have actually been performed by Plaintiff "at some level heavier than light", thus leaving the exertional level up to the imagination of the reader (TR. 176). As to the job of custodian, referred to as janitor/maintenance by the VE, the VE testified it was usually performed at [sic] "medication and unskilled level" (TR. 177). As to the job of bar owner/manager the VE gives no useful information as to its demands other than calling it "an unskilled adventure" (TR. 180). Despite such consideration the ALJ includes it as PRW in his decision (TR. 16).

Indeed, the real adventure is in attempting to discover what inquiry the ALJ actually made at step four. In this regard the ALJ's decision is not helpful and only provides a scant three sentences stripped bare of meaningful discussion (TR. 16). Thus, the ALJ's determination at step four is not supported by substantial evidence. The ALJ appears to have advanced his inquiry beyond step four when he inquired of the VE as to whether the Plaintiff could perform other jobs in the national economy (TR. 180). The VE's response was that there were jobs in the national economy which Plaintiff could perform given her RFC (TR. 181). The ALJ failed to include any such finding in his decision. Any inferred alternative step five finding is beyond the scope of judicial review.

Thus, in the present case, as in *Winfrey*, where "the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, [the courts] are left with nothing to review". *Winfrey* at 1025. On remand, the Commissioner should

in accordance with SSR 82-62, obtain adequate "factual information about those work demands which have a bearing on the medically established limitations" and include that information within his decision.

## II.

Plaintiff also argues that the ALJ failed to evaluate the medical evidence properly (See Plaintiff's Brief at pages 2-4).  Specifically, Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Sheets that Plaintiff had a less than sedentary RFC (TR. 126-127).

If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision the ALJ provided an adequate review of the medical evidence.  He also provided specific legitimate reasons for "giving very little weight" to Dr. Sheets' report and finding it "to not be totally credible" (TR. 15).  The ALJ correctly observed that Dr. Sheets' opinions were not supported by other objective findings in the record, nor were there any x-ray reports or other objective testing to support his opinions (TR. 15).

Thus, it appears that the ALJ properly considered the medical evidence and the opinions of Dr. Sheets.

# III.

Plaintiff argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 8-10). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The

Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing an adequate discussion of the evidence which linked specific evidence to his findings (TR. 15-16).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff.  The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987).

An ALJ's determination of credibility is given great deference by the reviewing court.  *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).  On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 22nd day of July, 2008.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE